# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **ERIC FOXX,** | ) |
| | ) |
| **Plaintiff,** | ) Civil Case No. |
| | ) **2:22-cv-00017-AKK** |
| v. | ) |
| | ) |
| **FBCS, INC.,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

The court has for consideration FBCS, Inc.'s motions to dismiss Counts II and III of Eric Foxx's complaint, doc. 4, and to stay the disposition of Count I pending a relevant ruling from the Eleventh Circuit, doc. 5. The court provided Foxx with opportunities to respond to both motions, *see* doc. 13, but Foxx failed to do so. After reviewing the motions and the relevant law, the court finds that both motions are due to be granted. The court first addresses FBCS's partial motion to dismiss, doc. 4, before turning to the motion to stay, doc. 5.

### I.

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This does not require "detailed factual allegations," but it does demand more than "unadorned" accusations. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)).  Thus, mere "labels and conclusions" or "formulaic recitation[s] of the elements of a cause of action" are insufficient.  *Id.*; *Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1324 (11th Cir. 2012).

If a complaint fails to state a claim upon which relief can be granted, the court must dismiss it.  FED. R. CIV. P. 12(b)(6).  To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient facts, taken as true, to state a claim that is "plausible on its face."  *Iqbal*, 556 U.S. at 678; *Resnick*, 693 F.3d at 1325.  "Plausibility is the key, as the well-pled allegations must nudge the claim across the line from conceivable to plausible."  *Jacobs v. Tempur-Pedic Int'l, Inc.*, 626 F.3d 1327, 1333 (11th Cir. 2010) (internal quotation marks omitted).  A facially plausible claim "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 555 U.S. at 678.  The court draws from its "judicial experience and common sense" to resolve this context-specific inquiry.  *Id.* at 679; *Resnick*, 693 F.3d at 1324.

## II.

FBCS, "a debt collection firm," allegedly collects its debts by "sending letters, calling on the phone, credit reporting, [and] filing . . . lawsuits."  Doc. 1 at 12.  At some point in time—Foxx does not specify—Foxx "allegedly incurred a financial obligation that was primarily for personal, family or household purposes."  *Id.* at 14.  FBCS, claiming that Foxx owed it money, apparently "made a third-party disclosure

2

to one or more companies about [Foxx] and the debt" by "using a third party mailing vendor without the permission of [Foxx] to send a letter dated November 5, 2021." *Id.* Foxx contends that this conduct evidences FBCS "harassing [him] in an effort to continue to collect this debt." *Id.* at 15. He now sues FBCS for violating the Fair Debt Collection Practices Act, *id.* at 16, for invasion of privacy, *id.*, and for "negligent, wanton, and/or intentional hiring and supervision of incompetent debt collectors," *id.* at 18.

### III.

FBCS asks the court to dismiss the invasion of privacy and negligent, wanton, and/or intentional hiring and supervision claims. Doc. 4. In support, FBCS essentially argues that the dearth of factual allegations dooms these claims. *See id.* at 6–9. The court agrees.

### A.

Foxx alleges that "[t]he above-detailed conduct by [FBCS] of harassing [him] in an effort to continue to collect this debt was . . . an invasion of [his] privacy by an intrusion upon seclusion . . . ." Doc. 1 at 15. He further claims that FBCS's "repeated attempts to collect this debt" and "refusal to stop violating the law" invaded his privacy and his "right to be left alone." *Id.* FBCS responds that Foxx pleads only one communication from FBCS—the November 2021 mailing—and

that this communication "is simply insufficient to state a claim for invasion of privacy under Alabama law." Doc. 4 at 6.

Under Alabama law, "the wrongful intrusion into one's private activities constitutes a tort known as the invasion of privacy." *I.C.U. Investigations, Inc. v. Jones*, 780 So. 2d 685, 688–89 (Ala. 2000) (quoting *Johnson v. Corp. Special Servs., Inc.*, 602 So. 2d 385, 387 (Ala. 1992)). With respect to Foxx's claim, the question is "whether there has been an 'intrusion upon [his] physical solitude or seclusion,' or a 'wrongful intrusion into [his] private activities in such manner so as to outrage or to cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'" *See id.*[1] While Alabama courts have recognized "the right of a creditor to take reasonable action to pursue a debtor and collect a debt," the creditor may not take actions "which exceed the bounds of reasonableness." *See Barnwell*, 481 So. 2d at 865–66. For example, 28 to 35 phone calls from a bank to one's home and workplace containing "coarse, inflammatory, malicious, and threatening language" clearly constitute invasion of privacy. *Id.* at 866. By contrast, "[c]onduct that has been held to be insufficient to establish an invasion of privacy as a matter of law involved three people and included the debtor calling an unlisted home

---

[1] *See also Jacksonville State Bank v. Barnwell*, 481 So. 2d 863, 865 (Ala. 1985) ("The debtor-creditor aspect of this right has been characterized as: 'the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.'"); *Winberry v. United Collection Bureau, Inc.*, 697 F. Supp. 2d 1279, 1294 (M.D. Ala. 2010) (quoting *Barnwell*, 481 So. 2d at 865).

4

telephone number on one occasion, conducting one 96–second telephone conversation, having one heated telephone conversation, mailing a statement of claim form, and accusations by the caller." *Winberry*, 697 F. Supp. 2d at 1295 (citing *Sparks v. Phillips & Cohen Assocs., Ltd.*, 641 F. Supp. 2d 1234, 1253 (S.D. Ala. 2008)).

Here, although Foxx mentions "harass[ment]" and "repeated attempts" by FBCS to collect the alleged debt, Foxx only pleads one instance in which FBCS contacted him: through "a letter dated November 5, 2021." *See* doc. 1 at 14–15. He does not plead any additional facts about the content of this letter or to support his claim that FBCS made "repeated attempts" or harassed him, such as through telephone calls or additional mailings. Rather, Foxx's complaint reads like a general template, save for the detail that FBCS allegedly used a third-party vendor to mail Foxx a letter in November 2021. *See generally* doc. 1 at 11–20.[2] These allegations fail to plead a plausible claim for invasion of privacy. *See Iqbal*, 555 U.S. at 678.

B.

Foxx also alleges that FBCS "negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and [is] therefore responsible to [Foxx] for

---

[2] For example, Foxx asserts that FBCS "repeatedly and unlawfully attempt[ed] to collect a debt and thereby invaded [his] privacy," doc. 1 at 17, and that this "resulted in multiple intrusions and invasions of privacy by [FBCS] which occurred in a way that would be highly offensive to a reasonable person in that position," *id.* at 18. But Foxx never describes FBCS's conduct in any detail beyond the one mailing.

5

the wrongs committed against [him] and the damages suffered by [him]." *Id.* at 16. Presumably, Foxx sues "Fictitious Defendants 'A,' 'B,' and 'C'" in part to preserve potential future claims against the allegedly incompetent collectors. *See id.* at 12.[3] However, Foxx fails to plead facts supporting this claim.

"[T]o prove a claim under Alabama law for negligent/wanton entrustment, negligent hiring, negligent supervision or negligent retention, a plaintiff must demonstrate that the employer knew, or in the exercise of ordinary care should have known, that its employee was incompetent." *Buckentin v. SunTrust Mortg. Corp.*, 928 F. Supp. 2d 1273, 1288 (N.D. Ala. 2013). Inherent to these claims is that the alleged "incompetency" of the offending employee is "based on an injury resulting from a tort which is recognized under Alabama common law." *See id.* In other words, "not just any 'incompetency' suffices to give rise to a cause of action for so-called negligent hiring . . . and supervision liability. Rather, [the] [p]laintiff[] must prove that an allegedly incompetent employee committed a state law tort." *Id.* at 1288–89.

---

[3] Foxx initially filed suit in state court, and FBCS removed this case to federal court. *See* doc. 1. To the extent that Foxx continues to assert claims against the fictitious defendants, the fictitious defendants are due to be dismissed without prejudice at this juncture. "As a general matter, fictitious-party pleading is not permitted in federal court" unless "the plaintiff's description of the defendant is so specific as to be 'at the very worst, surplusage,'" *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010), and Foxx fails to describe the fictitious defendants with sufficient particularity, *see* doc. 1 at 12.

Foxx fails to sufficiently plead an underlying tort committed by FBCS or one of its employees, including for invasion of privacy. The only conduct that Foxx specifically pleads is that FBCS allegedly used a third-party vendor to mail him a letter about the purported debt in November 2021. *See* doc. 1 at 11–20. Foxx does not make additional allegations or plead claims for other state-law torts, and to the extent that Foxx attempts to assert a negligence or negligence *per se* claim based on the alleged conduct, "multiple federal district courts in Alabama (including this court) have held that Alabama law does not recognize a negligence claim founded on debt collection efforts under the FDCPA at all." *Ismail v. Ascensionpoint Recovery Servs., LLC*, No. 2:18-cv-01345-JHE, 2019 WL 5894311, at *9 (N.D. Ala. Nov. 12, 2019) (collecting cases).

Taken together, Foxx fails to plead facts plausibly suggesting that any of FBCS's employees committed a state-law tort and that FBCS knew or should have known about the employee's or employees' alleged incompetency. As a result, Foxx fails to plausibly state a claim for negligent and/or wanton hiring, supervision, or retention, and FBCS's motion is due to be granted.

**IV.**

FBCS also asks the court to stay the case, after ruling on the motion to dismiss, until the Eleventh Circuit issues an opinion in *Hunstein v. Preferred Collection and Management Services, Inc*. *See* doc. 5. The court previously indicated that "FBCS

7

raise[d] arguably valid reasons for staying this case until the Circuit issues an opinion in *Hunstein*" and invited Foxx to file objections, if any, by March 14, 2022. Doc. 13 at 2. Foxx failed to respond.

FBCS contends that Foxx's federal claim, Count I, refers to a vacated opinion that the Circuit will rehear *en banc*, that the Circuit will probably not issue a ruling before the end of May, and that proceeding without this ruling would waste time and resources. Doc. 5 at 2. *See also Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1103 (11th Cir. 2021) (vacating the panel's opinion and ordering a rehearing *en banc*). Because waiting for a federal appellate decision "likely to have a substantial or controlling effect" on the claims and issues in a case is an excellent reason to issue a stay, *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1198 (11th Cir. 2009), FBCS's motion is due to be granted.

## V.

In summary, FBCS's motion to dismiss Counts II and III, doc. 4, and its motion to stay the disposition of Count I, doc. 5, will be granted by separate order.

**DONE** the 18th day of March, 2022.

                                                               _____
                                                                **ABDUL K. KALLON**
                                              UNITED STATES DISTRICT JUDGE